# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LARRY A. OLADIPUPO,        *

Petitioner        *

v        *        Civil Action No. PWG-18-1016

WARDEN, and        *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND        *

Respondents        *
        ***

## MEMORANDUM OPINION

Larry Oladipupo is an inmate at Maryland Correctional Institution-Jessup. On April 6, 2018, Oladipupo filed in this Court a petition for a writ of habeas corpus challenging his 2015 conviction in Maryland state court on charges of first-degree assault, second-degree assault, kidnapping, and related firearm offenses. At Oladipupo's urging, this Court dismissed the petition without prejudice on June 21, 2018. Order, ECF No. 6. Since then, the Court has received correspondence from Oladipupo indicating that he has "changed [his] mind" about his wish to dismiss the petition and would like the Court to review his claim that there was insufficient evidence to support his 2015 conviction. Correspondence, ECF No. 7. I construe the correspondence as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). For the reasons that follow, I am granting the motion for reconsideration, rescinding the order of dismissal (ECF No. 6), and granting Oladipupo twenty-eight (28) days to show cause why his insufficient-evidence claim should not be dismissed on grounds of procedural default.

## BACKGROUND

Oladipupo is serving a 25-year prison sentence in connection with his conviction by jury trial in the Circuit Court for Montgomery County. Following his conviction, Oladipupo brought

an appeal in the Court of Special Appeals of Maryland. The appeal presented two arguments: (1) the trial court erred in admitting into evidence testimony that he had a prior history of incarceration; and (2) the evidence was insufficient to sustain his convictions. *See Oladipupo v. State*, No. 1959, 2016 WL 6664896, at *1 (Md. Ct. Spec. App. Nov. 7, 2016). As to the sufficiency of the evidence, Oladipupo urged the appellate court to note that the victim had recanted her story and had testified at trial both that she had lied to police and that she was drunk and high on marijuana at the time she placed the 911 call. *Id.* at *3, 8. Oladipupo also maintained that the gun found in his parents' house was not found in his room, Oladipupo was not near the gun when it was found, and there was no DNA or fingerprint evidence linking him to the weapon. *Id.* at *8. The Court of Special Appeals rejected Oladipupo's arguments and affirmed his convictions. *Id.* at *10.

Oladipupo next filed a request for further review in the Court of Appeals of Maryland. He included with his request a one-page list of thirteen bullet points as his "grounds" for appeal.[1] November 2016 Appeal 4, ECF No. 3-4. The Court of Appeals treated Oladipupo's request for review as a petition for a writ of certiorari and denied it on January 23, 2017. *Oladipupo v. State*, 152 A.3d 762 (Md. 2017). Judgment became final for the purpose of direct appeal 90 days later. *See* Sup. Ct. R. 13.1 (providing that a petition for a writ of certiorari must be filed within 90 days of the judgment from which review is sought).

On April 28, 2017, Oladipupo filed a petition for post-conviction relief in the Circuit Court for Montgomery County. Docket Sheet 20, Resp't's Limited Answer Ex. 1, ECF No. 3-1. He later withdrew the petition. *Id.* at 22. On April 13, 2018, he filed another petition for post-conviction relief, and a hearing was scheduled for August 8, 2018. *Id.* at 22-23. The Maryland

---

[1]     Oladipupo stated in that paper that his attorney would be sending a 35-page "appell[a]nt brief." November 2016 Appeal 4, ECF No. 3-4. The record does not indicate whether counsel entered an appearance or submitted a brief to the Court of Appeals in this matter.

Judiciary case search website shows that on July 24, 2018, Oladipupo moved to withdraw that petition. The Circuit Court granted the motion to withdraw the same day. Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/casesearch/ (search by case number "126868C").

## DISCUSSION

Oladipupo's April 6, 2018, petition to this Court effectively raised two claims: 1) the evidence at trial was insufficient to sustain his convictions and 2) ineffective assistance of trial counsel. Pet. 5, ECF No. 1. In its Limited Answer, submitted on May 30, 2018, the Government argued in part that Oladipupo had not exhausted available state remedies on the ineffective-assistance claim because he has not raised that claim in state court. Resp't's Limited Answer 7, ECF No. 3. Oladipupo, though, has since informed this Court via correspondence that he is "waiving consideration" of the ineffective-assistance claim in his habeas petition. Correspondence, ECF No. 7. Accordingly, his claim of ineffective assistance of counsel is hereby dismissed without prejudice.

I now proceed to Oladipupo's claim that the evidence at trial was insufficient to sustain his convictions. In support of this argument, Oladipupo urges the Court to note that the victim in the state court case recanted her statement, which had been entered into evidence at trial.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b), (c); see also Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. 28 U.S.C. § 2254(c); Alexis v. Miller, No. 15-87, 2018 WL 2762558, at *5 (D. Md. June 7,

3

2018).  For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in a non-capital case, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, -301.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals.  Md. Code Ann., Crim. Proc. §7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  Md. Code Ann., Cts. & Jud. Proc. §12-202.  However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981).  If a petitioner fails in any of these regards and there remains a reasonable possibility that there is any available procedure, either by way of direct appeal or a post-conviction proceeding, to secure review by the state courts, the claim is not exhausted.  28 U.S.C. § 2254(c); *Gray v. Netherland*, 518 U.S. 152, 161-66 (1996).

The doctrine of procedural default is related to exhaustion.  Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether in post-conviction proceedings or on direct appeal, or has failed to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U. S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U. S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972) (failure to raise claim during post-conviction proceedings); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to

appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider [the] merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citations omitted).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice – e.g., the conviction of one who is actually innocent.[2] *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. "Cause" consists of "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). Even where a petitioner fails to show cause and prejudice for

---

[2] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.*; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). A petitioner seeking to invoke actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

Oladipupo's April 6, 2018, petition asks this Court to review the sufficiency of the evidence that was presented in support of his 2015 conviction. This, as the State acknowledges in its Answer, is not a viable claim in Maryland post-conviction proceedings. Limited Answer 7; *see State v. Merchant*, 271 A.2d 754 (Md. Ct. Spec. App. 1970). Accordingly, to properly exhaust his insufficient-evidence claim, Oladipupo had to present the claim to both the Maryland Court of Special Appeals and Court of Appeals on appeal.

There is no question Oladipupo presented the claim to the Court of Special Appeals. That court reviewed the claim and rejected it in *Oladipupo v. State*, No. 1959, 2016 WL 6664896 (Md. Ct. Spec. App. Nov. 7, 2016).

What is less clear is whether Oladipupo then properly presented the claim to the Court of Appeals. His November 29, 2016, letter to the Maryland high court is challenging to decipher. The letter rattles off 13 bullet-pointed statements, which it categorizes as "my grounds for my Appeal." November 2016 Appeal 4. One bullet point asserts that the evidence "clearly shows I [was] nowhere near any of the so called evidence from the case." *Id.* In addition, the letter's introductory paragraph refers to the "victim's testimony" and notes the victim testified that this "was not her first time filing these types of charges." *Id.* The letter tells the state court to expect a 35-page brief from Oladipupo's attorney. *Id.* However, none of the materials presented to this Court make clear whether such a brief was ever submitted.

For these reasons, I hereby grant Oladipupo twenty-eight (28) days to show cause why this Court should not deny his § 2254 habeas petition on the ground that his insufficient-evidence

claim is procedurally defaulted. I encourage Oladipupo, in responding to this Order, to indicate

whether counsel actually did file a brief with the Court of Appeals. I further advise Oladipupo to

take note that his decision to withdraw his claim for inadequate assistance of counsel may

complicate any future efforts to assert this claim in a future § 2254 habeas petition. *See* 28

U.S.C. § 2244(b).

## ORDER

Accordingly, it is this __ day of October, 2018, by the United States District Court for the

District of Maryland, hereby ORDERED that:

1. Petitioner's Motion for Reconsideration (ECF No. 7) IS GRANTED;

2. Petitioner's claim of ineffective assistance of counsel IS DISMISSED without
   prejudice.

3. Petitioner will have until November 2, 2018 to show cause why his petition for
   habeas relief should not be dismissed on the grounds that his insufficient-evidence
   claim is procedurally defaulted.

4. Respondents may file a reply no later than twenty-eight (28) days after Petitioner
   files his response to this Show Cause Order.

5. The Clerk SHALL MAIL a copy of this Order to Petitioner.

10/5/2018

_____
Date

_____
Paul W. Grimm
United States District Judge